**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RHONDA THOMAS | **HONORABLE KAREN M. WILLIAMS**<br><br>No. 22-cr-449 (KMW)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

**THIS MATTER** comes before the Court upon pro se Defendant Rhonda Thomas' ("Defendant") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. Nos. 111, 125), Motion for a Reduction of Sentence under Amendment 821 and § 3582(c)(2) (Dkt. Nos. 109, 114), and request for an extension of time to file a motion under 28 U.S.C. § 2255 (Dkt. No. 117). The Government opposes Defendant's requests for relief. (Dkt. No. 135.)

For the reasons that follow, the motions will be **DENIED**.

## I. BACKGROUND

On May 1, 2023, Defendant received a sentence of sixty months' imprisonment and five years' supervised release for offenses involving conspiracy to commit bank and wire fraud and monetary transactions with criminally derived property. (Dkt. No. 111 at 1; Dkt. No. 109 at 1; *see* Dkt. No. 85.) She subsequently filed two requests for a reduction as a zero-criminal-history-point offender under Amendment 821. (Dkt. No. 109 at 1; Dkt. No. 114 at 1–3.)

In her first compassionate-release motion, Defendant described the difficulties facing her two minor children, who were in the care of her elderly grandmother, and the needs of additional seriously ill or disabled relatives. She also asserted that excessive heat, humidity, smoke, odors, and inadequate medical attention at FCI Danbury adversely affected her health. She described

educational, work, and volunteer accomplishments during incarceration. (Dkt. No. 111 at 1–3.) Her later sealed submission renewed the family-caregiver grounds and supplied materials concerning the children's counseling, relatives' medical conditions, and her educational progress.[1] (*See generally* Dkt. No. 125.)

The Government reported in July 2026 that Defendant had transferred from institutional custody to prerelease placement and home confinement and was residing at home and caring for her children. It also represented that her sentence would end on October 8, 2026, which Bureau of Prisons ("BOP") records confirm. (*See* Dkt. No. 135 at 1–2.)

## II. DISCUSSION

### a. Compassionate Release (Dkt. Nos. 111 and 125)

A court generally may not modify an imposed term of imprisonment except as Congress authorizes. 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), following satisfaction of the statutory administrative prerequisite, the Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, the reduction accords with applicable Sentencing Commission policy statements, and the factors in § 3553(a) support it. *See United States v. Andrews*, 12 F.4th 255, 258–59 (3d Cir. 2021); *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020); U.S.S.G. § 1B1.13. Rehabilitation alone cannot constitute an extraordinary and compelling reason, although it may be considered together with other circumstances. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

The Government correctly acknowledges that transfer to home confinement does not, by itself, end a term of imprisonment or categorically prevent consideration of compassionate release. (Dkt. No. 135 at 2.) Assuming without deciding that Defendant has satisfied the administrative

[1] Because that filing contains sensitive third-party information, this Opinion discusses it only at the level necessary to resolve the motion.

prerequisite, the record does not establish a present extraordinary and compelling reason for an additional reduction on the circumstances last reported.

Defendant's family submissions describe substantial hardship. She asserts that her grandmother struggled to care for Defendant's children while also assisting other family members with significant medical needs, and that the children experienced emotional and academic difficulties during Defendant's absence. (Dkt. No. 111 at 1–2; *see* Dkt. No. 125.) The Court does not minimize those allegations or decide whether they might have warranted relief during institutional confinement. The relevant circumstances have materially changed: the Government represents that Defendant returned home and is caring for her children. (Dkt. No. 135 at 2.) On that record, the separation from her children that underlay her request no longer supplies a reason to terminate the balance of her custodial sentence. This does not suggest that every hardship experienced by her relatives has disappeared.

The same change defeats her reliance on conditions at FCI Danbury. Defendant described heat, humidity, air quality, and medical-care concerns at that institution. (Dkt. No. 111 at 2.) Even assuming those allegations were true and serious when raised, Defendant is no longer housed at Danbury. (*See* Dkt. No. 135 at 1–2.) Those institutional conditions therefore do not justify a further reduction on the present record. The Court expresses no view on the merits of a separate claim concerning past conditions of confinement.

Defendant's educational and rehabilitative efforts merit acknowledgment. She describes coursework, tutoring, teaching, and other productive activities; her sealed exhibits contain additional educational records. (Dkt. No. 111 at 2–3; Dkt. No. 114 at 3; *see* Dkt. No. 125.) But rehabilitation alone cannot support compassionate release, and the other circumstances she invoked have materially changed. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Considered

together, the asserted circumstances do not establish an extraordinary and compelling reason for the requested reduction.

The § 3553(a) factors independently counsel against the requested reduction on the record presented. Defendant's underlying fraud-related convictions were serious, and the sentence must continue to reflect just punishment, deterrence, and respect for the law. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(B). The Court credits her rehabilitative efforts and family responsibilities. Nevertheless, Defendant's supervised release permits her to provide care while continuing to serve the sentence imposed. The Court finds that a further reduction to time served has not been shown necessary or appropriate. *See Pawlowski*, 967 F.3d at 330–31.

Accordingly, Defendant's Motion for Compassionate Release (Dkt. Nos. 111, 125) is **DENIED**.

**b. Amendment 821 (Dkt. Nos. 109 and 114)**

Section 3582(c)(2) permits a reduction only when a defendant was sentenced based on a Guidelines range subsequently lowered by the Sentencing Commission and a reduction is consistent with the applicable policy statement. *See Dillon v. United States*, 560 U.S. 817, 825–27 (2010); U.S.S.G. § 1B1.10. Part B of Amendment 821 created a two-level decrease under U.S.S.G. § 4C1.1 for qualifying zero-point offenders, subject to multiple cumulative eligibility criteria. Having no criminal-history points does not alone establish eligibility.

Defendant asserts that she had zero criminal-history points. (Dkt. No. 109 at 1; Dkt. No. 114 at 2.) But § 4C1.1(a)(10) also requires that the defendant did not receive an aggravating-role adjustment under § 3B1.1 and was not engaged in a continuing criminal enterprise. Here, Defendant received an aggravating-role adjustment. (*See* Presentence Investigation Report ("PSR") ¶¶ 173, 188, Dkt. No. 38.) Thus, Defendant fails an express eligibility condition for a

reduction under Amendment 821. *See* U.S.S.G. § 4C1.1(a)(10). Her post-sentencing rehabilitation cannot alter the threshold requirement.

Accordingly, Defendant's Motion for a Reduction in Sentence (Dkt. Nos. 109, 114) is **DENIED**.

### c. Extension of Time to File a § 2255 Motion (Dkt. No. 117)

Defendant sought ninety additional days to prepare a motion under 28 U.S.C. § 2255, citing her pro se status, limited legal-research access, and an asserted newly discovered constitutional issue. (Dkt. No. 117 at 1–3.) The Third Circuit has held that a district court has jurisdiction to consider a request to extend the time for filing a § 2255 motion even before the substantive motion is filed. *United States v. Thomas*, 713 F.3d 165, 173–74 (3d Cir. 2013). Here, however, the Court subsequently set July 16, 2026 as a filing deadline and Defendant did not file a § 2255 motion by that date. (*See* Order dated July 15, 2026, Dkt. No. 134.)

Accordingly, Defendant's request for a ninety-day extension of her time to file a motion under 28 U.S.C. § 2255 is **DENIED as moot.**[2]

## III. CONCLUSION

For the foregoing reasons, Defendant's motions for compassionate release (Dkt. Nos. 111 and 125) and sentence reductions (Dkt. Nos. 109 and 114) are **DENIED**. Her motion for an extension of time (Dkt. No. 117) is **DENIED as moot**. An appropriate Order follows.

Dated: October 26, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

[2] This ruling does not determine the timeliness or merits of any § 2255 motion that may later be filed.